# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  July 18, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOSEPH CHARNECO, | \* | No. 17-458V |
| | \* | Special Master Horner |
| Petitioner, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 30, 2017, Joseph Charneco ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that an influenza ("flu") vaccine administered on October 28, 2015 caused petitioner to suffer Guillain-Barré syndrome ("GBS"). On August 6, 2018, the parties filed a stipulation for award, which the previously assigned special master adopted as her Decision awarding damages on August 7, 2018. Decision, ECF No. 26.[3]

On March 21, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 32 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $27,608.95

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.  Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Following Special Master Millman's retirement this case was reassigned to me on June 12, 2019 for resolution of attorneys' fees and costs.

(representing $23,003.00 in fees and $4,605.95 in costs). Fees App. at 3. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs related to the prosecution of her petition. *Id.* Respondent responded to the motion on March 25, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp. at 2–3 (ECF No. 33). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Lawrence Cohan, $430.00 per hour for work performed in 2016 and $450.00 per hour for work performed in 2017-2019; for Mr. David Carney, $275.00 per hour for work performed in 2016, $290.00 per hour for work performed in 2017, and $315.00 per hour for work performed in 2018; and for paralegals, $135.00 per hour for all work performed. Fees App. Ex. 1 at 9. The rates requested for Mr. Carney and paralegal work are consistent with what they have previously been awarded.

The rates requested for Mr. Cohan, however, exceed what he has previously been awarded and require some further analysis. *See, e.g., Bible v. Sec'y of Health & Human Servs.*, No. 14-880V, 2019 WL 418504, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2019) (compensating Mr. Cohan at $400.00 per hour for all work). In support of Mr. Cohan's increased rates, petitioner states that "Mr. Cohan's hourly rate of $400 has not been objected to by Respondent's counsel in previous Fee Petitions, but it has remained stagnate and it should be adjusted upward accordingly due to his 25 years of service in the Vaccine Program" and that a rate of $450.00 per hour is "entirely consistent with the reasoning set forth in *McCulloch* for attorneys with more than 20 years of practice and is within the range approved by the Special Master." Fees App. at 4.

The question of whether Mr. Cohan should retroactively receive higher rates for his work between 2016 and 2018 has recently been considered by another special master. *See Bartkus v. Sec'y of Health & Human Servs.*, No. 15-261V, 2019 WL 2067278, at *2 (Fed. Cl. Spec. Mstr. Apr. 19, 2019). In *Bartkus*, the special master noted that Mr. Cohan had been awarded $400.00 per hour for his work in 2016 and 2017 because that was the rate at which he warranted he billed his work at. *Id.* Thus, because the work in that case was billed concurrently with other cases in

---

[4] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

which Mr. Cohan requested $400.00 per hour for substantially similar work, the special master declined to retroactively increase Mr. Cohan's rate for 2016 and 2017. *Id.* However, the special master noted that Mr. Cohan has generally provided quality representation for his clients and awarded him $440.00 per hour for his work in 2018. *Id.*

I agree with the special master's well-reasoned analysis in *Bartkus* and therefore I will reach a similar result here. I find that $400.00 per hour is a reasonable rate of compensation for Mr. Cohan's work in 2016 and 2017. Although petitioner believes that this rate is stagnate, it is only so because Mr. Cohan failed to request a higher rate at the time he first requested compensation for work performed in those years. However, because Mr. Cohan has provided quality work in the Vaccine Program, I will compensate Mr. Cohan at $440.00 per hour for 2018 and $450.00 per hour for 2019. Application of these rates to the hours billed by Mr. Cohan results in a reduction of **$246.00**.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, I find the overall hours billed (77.7) to be largely reasonable. The only reductions necessary are to paralegal time for billing for administrative tasks and overbilling for time spent filing documents. Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. In this case, paralegals billed time for scanning, bates stamping, and mailing documents. Fees App. Ex. 1 at 3-8 (entries on 3/30/17, 3/31/17, 12/13/17, 2/28/18, 10/15/18). Paralegals also billed excessive time for filing documents, which in my experience is typically billed for 0.1 hours, if at all. *Id.* (entries on 3/30/17, 4/3/1712/7/17, 3/8/18, 8/7/18, 3/21/19). Accordingly, I will reduce the final award of attorneys' fees by **$310.50** to account for 2.3 hours of paralegal time. Petitioner is therefore entitled to attorneys' fees in the amount of **$22,446.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,605.95 in attorneys' costs. This amount comprises the cost of obtaining medical records, postage, the Court's filing fee, and Mr. Carney's travel to Florida to meet with petitioner. Fees App. Ex. 1 at 11-12. Although petitioner has provided adequate documentation supporting all of the requested costs, a reduction must be made due to Mr. Carney's excessive food and lodging expenses.

The billing records indicate that Mr. Carney expended $497.20 for one night of lodging and $287.12 on meals. Fees App. Ex. 1 at 11.[5] Complicating the issue is the fact that Mr. Carney added a vacation onto his travel to Boca Raton to meet with petitioner (Mr. Carney notes that he

---

[5] The actual amount expended on food was even higher, as the billing record indicates that Mr. Carney self-reduced the cost of one of his meals from $123.79 to $61.90. Fees App. Ex. 1 at 36.

left on April 7, 2017 and returned on April 15, 2017, meeting with petitioner on April 7 and spending the rest of the time on vacation). *Id.* at 38. This perhaps explains why Mr. Carney chose to stay at the Waldorf Astoria in Boca Raton at an excessive rate of nearly $500 a night. However, the Vaccine Program has consistently reduced awarded costs for excessive food and lodging expenditures. *See Reichert v. Sec'y of Health & Human Servs.*, No. 16-687V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. June 20, 2018).

Because the amount requested for food and lodging is excessive in my experience, I shall reduce the amount compensated to the per-diem rates prescribed by the General Services Administration ("GSA"). For April 2017 in the Boca Raton/Delray Beach/Jupiter, Florida area, GSA prescribes a lodging rate of $182.00 and a meals and incidentals rate of $44.25 for the first and last day of travel.[6] I will therefore compensate Mr. Carney's travel expenses at these rates, resulting in a reduction to costs of **$513.82**.[7] Petitioner is therefore entitled to final attorneys' costs of **$4,092.13**.

## II.   Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $23,003.00 |
| (Reduction to Fees) | - ($556.50) |
| **Total Attorneys' Fees Awarded** | **$22,446.50** |
| | |
| Attorneys' Costs Requested | $4,605.95 |
| (Reduction of Costs) | - ($513.82) |
| **Total Attorneys' Costs Awarded** | **$4,092.13** |
| | |
| **Total Attorneys' Fees and Costs** | **$26,538.63** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award the following:**

1) **A lump sum in the amount of $26,538.63, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Lawrence Cohan.**

---

[6] PER DIEM RATES LOOK-UP, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=FL&fiscal_year=2017&zip=&city=Boca%20Raton (last visited Jul. 15, 2019). The billing record indicates that Mr. Carney billed 2.5 hours on meeting with petitioner on April 7, 2017, the day he arrived in Boca Raton. Fees App. Ex. 1 at 4. Thus, if Mr. Carney's trip were solely for business, it would be reasonable to expect him to return on the following day.

[7] $784.32 - $270.50 = $513.82

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).